JJPLOTKIN, Judge.
On May 5, 1995, Jonathan Cournet, Ro-main Joseph, and Walter Cochran were charged by bill of information with burglary of an inhabited dwelling in violation of La. R.S. 14:62.2.[1] On June 15, 1995, they pleaded not guilty. On July 19, 1995, Cournet filed a motion to suppress a confession, which was granted on October 13, 1995 after a September 22, 1995 hearing. The State applied for supervisory review, which this Court denied on December 4, 1995, stating that “The State has failed to prove that the confession was not fruit of the illegal arrest in accordance with Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). See State v. Scott, 355 So.2d 231, 234 (La.1977).” The State applied to the Louisiana Supreme Court for supervisory review, which was granted on February 28, 1996, and transferred to this Court for briefing and full opinion.
Three officers testified at the September 22, 1995 motion hearing. Officer Roy Phillips of the New Orleans Police Department interviewed Joseph at the station at the request of Officers Wells and Thompson in connection with a [2burglary at 7816 Primrose Drive. He advised Joseph of his rights and obtained a statement at 1:45 p.m., which implicated Cournet in the burglary. He then advised Cournet of his rights and obtained a statement at 2:50 p.m., in which Cournet denied burglarizing 7816 Primrose Drive but admitted participating in several burglaries and implicated Cochran.[2] Office Phillips testified that Cournet voluntarily made this statement without any inducement.
Sergeant Andrew Bourg testified that Cournet arrived at the station handcuffed. After Cournet made a statement, Sergeant Bourg drove around with him so that Cour-net could point out which residences he had burglarized. Cournet voluntarily assisted without any inducement.
Officer Guy Wells testified that on February 6,1995, he arrested Joseph for burglarizing the residence at 7816 Primrose Drive. On that morning an informant stopped Officer Wells to tell him that his mother’s house had been burglarized by Joseph, whom he had seen riding a green bicycle into a back yard. Officer Wells followed the informant to a residence with a green bicycle in the back yard. Joseph answered the door at this residence. Joseph was not arrested at that time.
Officer Wells testified that another informant had seen Cournet in the vicinity with a person who was later identified as Joseph. This informant knew that Cournet had committed burglaries in the past and assumed he was there to commit another burglary. Officer Wells had Cournet taken into custody.
On cross-examination, Officer Wells conceded (1) that the second informant, who observed Cournet, was not known to him before this time; and (2) that no one saw *787 Cournet at the residence where the burglary occurred.
In its application, the State does not assert that the arrest of Cournet was legal. The State contends only that Cournet’s confession was sufficiently ^attenuated from his illegal arrest under Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
The State bears the burden of proving the admissibility of a confession. La. C.Cr.P. art. 703(D). The burden of proving attenuation is on the State. State v. Scott, 355 So.2d 231 (La.1977). In Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), the U.S. Supreme Court provided three factors for courts to use in considering whether evidence is sufficiently attenuated from illegality: (1) the time elapsed, (2) the presence of intervening circumstances, and (3) the purpose and flagrancy of official misconduct.
The State has failed to carry its burden of proving that the confession is sufficiently attenuated from the illegal arrest as to be rendered admissible. At the motion hearing, evidence was presented to establish that Cournet was arrested at an unknown time in the morning after an unfamiliar, uncorroborated informant said that Cournet was a known burglar. Approximately four hours later,[3] Cournet confessed to burglaries other than the one at 7816 Primrose Drive that prompted the investigation. Between the time of Cournet’s arrest and confession, Joseph confessed to the burglary at Primrose Drive and implicated Cournet in that burglary. The State did not establish with any clarity the time elapsed, the arrest of Cour-net was flagrantly illegal (based only upon Cournet’s reputation), and Joseph’s intervening statement implicates Cournet of a burglary unrelated to those to which Cournet confessed.
Based on this evidence, we find that the trial judge did mot abuse his discretion in granting the motion to suppress. The State did not prove in the ^suppression hearing that Cournet’s confession was sufficiently attenuated from his illegal arrest as to render it admissible.

AFFIRMED.

SCHOTT, C.J., dissenting.

. Cournet was charged with four counts, Joseph with two counts, and Cochran with two counts, all of burglary of an inhabited dwelling (La.R.S. 14.62.2).

. Cochran confessed to burglarizing 7555 Merrier Street, 11319 Curran Boulevard, and two other residences.

. In its memoranda, the State makes several allegations of fact, which are not supported by evidence presented at the motion to suppress hearing. For example, the State alleges that the informant, now identified as Gerald Robinette and as a friend of Cournet, saw Cournet and Joseph heading toward 7816 Primrose Drive. The State also alleges that Cournet was arrested at 11:00 a.m. At the motion hearing, however, despite the best efforts of defense counsel to determine the time of arrest, Officer Wells could not recall when Cournet was arrested.